**Date Signed:**
**June 3, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

|  |  |
|---|---|
| In re:<br><br>JENNA EVA KENNEDY,<br><br>Debtor. | Case No.: 24-00905<br>Chapter 13<br><br>Related: ECF 45 |

## ORDER REGARDING DEBTOR'S MOTION TO DETERMINE MORTGAGE FEES AND ASB'S MOTION FOR RECONSIDERATION

This dispute arises under Fed. R. Bankr. P. 3002.1, a rule that, among other things, requires mortgage creditors in chapter 13 cases to provide timely and accurate notice of postpetition fees, expenses, and payment changes. The rule helps debtors stay current on their mortgage payments during their chapter 13 cases and protects them from undisclosed charges that might accumulate outside the debtors' view. But as the parties' filings

1

make clear, the rule is ambiguous in some respects.

## I. Factual and Procedural Background

Debtor Jenna Eva Kennedy filed this chapter 13 case on October 2, 2024. American Savings Bank ("ASB") holds a mortgage on Ms. Kennedy's principal residence. Therefore, Rule 3002.1 required ASB to provide Ms. Kennedy notices of payment changes and fees.

On June 17, 2025, ASB filed a Notice of Postpetition Mortgage Fees (Official Form 410S2) (the "First Notice") asserting $1,636.12 in attorneys' fees. ASB listed the fees on line 4 of the form, designated for "filing fees and court costs," rather than on line 3 for "attorney fees." ASB attached invoices to its notice but redacted all descriptions of work performed, leaving the basis for the charges unclear.[1]

On January 23, 2026, ASB another Notice of Postpetition Fees (the "Second Notice"). The Second Notice reflected three late fees of $97.78 each, one of which was incurred on July 8, 2025, more than 180 days before

---

[1] The record reflects that ASB previously filed a Notice of Payment Change on October 23, 2024, with an effective date of November 1, 2024. The notice appears to have been filed fewer than 21 days before the effective date, as required by Rule 3002.1(b). Ms. Kennedy does not challenge this notice, however.

U.S. Bankruptcy Court - Hawaii   #24-00905   Dkt # 66   Filed  06/03/26   Page 2 of 9

the date of the Second Notice. The Second Notice also reflected $2,144.01 of attorneys' fees. Like the First Notice, the Second Notice included attorneys' invoices with redacted time records and descriptions.

Ms. Kennedy filed a Motion to Determine Mortgage Fees and Expenses ("Motion to Determine") on January 24, 2026, challenging the First and Second Notice.[2] The Motion to Determine alleged that: (1) the Second Notice disclosed the July 8, 2025 late fee 199 days after it was incurred, exceeding the 180-day deadline under Rule 3002.1(c); (2) ASB submitted invoices with all professional service entries redacted, preventing any review of the nature or necessity of the work; (3) the fees were unrecoverable because they appeared to relate to ministerial loan modification processing rather than compensable legal services; (4) in the First Notice, ASB miscategorized $1,636.12 in attorneys' fees as "filing fees and court costs;" and (5) ASB's conduct reflected habitual noncompliance with Rule 3002.1. Ms. Kennedy requested preclusion of the disputed fees, production of unredacted invoices, and compensatory sanctions. She

---

[2] ECF 28.

3

served her motion by first-class mail, rather than by certified mail as Rule 7004(h) requires.[3] ASB did not file any response to the Motion to Determine.

On March 5, 2026, ASB filed a Motion for Relief from Stay to foreclose on its first mortgage against Ms. Kennedy's residence.[4]

The next day, ASB filed a third Notice of Postpetition Fees (the "Third Notice") asserting an additional $486.91 in attorneys' fees. The supporting invoice again contained complete redactions of time entries and descriptions of work performed. Around the same time, Ms. Kennedy filed a Motion to Modify her confirmed plan.[5]

Because ASB had not filed a response to the Motion to Determine, the court granted it on March 12, 2026 (the "Order").[6] On the same day, ASB moved under Rule 60(b) to set aside the Order as void, asserting that it did not receive proper service of the Motion to Determine.[7]

---

[3] On May 8, 2026, Ms. Kennedy filed a corrected certificate of service for her Motion to Determine. ECF 61. She concedes that her earlier service of the motion did not comply with Fed. R. Bankr. P. 7004(h). ECF 62.

[4] ECF 35.

[5] ECF 40.

[6] ECF 44.

[7] ECF 45.

U.S. Bankruptcy Court - Hawaii   #24-00905   Dkt # 66   Filed  06/03/26   Page 4 of 9

At the April 21, 2026 hearing on the Motion for Reconsideration, the Motion for Stay Relief, and the Motion to Modify, the court set aside the Order based on improper service and directed the parties to submit supplemental briefing on the merits of the Motion to Determine.

In its memorandum, ASB acknowledged miscategorizing the $1,636.12 attorneys' fee in the First Notice and disclosing the $97.78 late fee in the Second Notice outside the 180-day deadline. ASB maintained that the remaining fees were reasonable and submitted partially unredacted invoices. In her reply, Ms. Kennedy argued that ASB attempted to collect fees without sufficient documentation and requested allowance of $2,739.32 in timely postpetition charges, disallowance of $1,529.71 in untimely charges, production of unredacted time entries for the Third Notice, and compensatory sanctions.

## II. Discussion

### a. Untimely Notices Under Rule 3002.1(c)

Rule 3002.1(c) requires a creditor to file notice of any postpetition fee within 180 days after the fees, expenses, or charges are incurred. Ms.

5

Kennedy asserts, and ASB concedes, that the Second Notice included a tardy disclosure of a late fee of $97.78 incurred on July 8, 2025. Under Rule 3002.1(i)(1), the consequence of untimely notice is preclusion of the untimely charge. The court therefore disallows the $97.78 late fee.

Ms. Kennedy also seeks disallowance of fees incurred between October and November 2024 and June and July 2025 as untimely under Rule 3002.1(c). ASB disclosed the October 25, 2024 charge of $263.87 and the November 21, 2024 charge of $725.65 in the First Notice on June 17, 2025, well past their respective 180-day deadlines. In its Second Notice, ASB also tardily disclosed a July 23, 2025 charge of $306.28 and a July 22, 2025 charge of $130.00 plus general excise tax.[8] Because each of these charges was disclosed outside the deadline imposed by Rule 3002.1(c), the total of $1,431.22 in untimely charges is precluded and disallowed.

### b. Redacted Time Entries

---

[8] Ms. Kennedy asserts that the June and July 2025 charges total $442.41. ECF 62 at 10. She does not explain how that figure was calculated. Applying Hawaii's general excise tax rate of 4.712% to the $130.00 charge results in $135.42, which, when added to the $306.28 charge, yields a total of $441.70. Although Ms. Kennedy seeks disallowance of $1,529.71 (including the $97.78 late fee), based on the court's calculations, the total is $1,529.00.

6

Ms. Kennedy objects to the fact that ASB heavily redacted the attorneys' bills. But this argument assumes that ASB was required to file attorneys' bills with its notice. Rule 3002.1(c) requires the creditor to file a notice "itemizing" all post-petition fees, expenses and charges. The Official Form implementing this provision (Official Form 410S2) also requires the creditor to "itemize the fees, expenses, and charges" by completing a table; it does not require a creditor to attach any supporting documents, such as detailed attorneys' billing statements. Therefore, a creditor may comply with the rule without providing any timesheets at all, so providing redacted timesheets does not violate the rule.

But ASB's decision to provide timesheets was prudent. Even if the creditor provides timely notice, debtors and trustees can still object to the fees and charges as unreasonable or unauthorized. Providing backup information with the notice is an efficient way to forestall objections.

ASB's subsequent acknowledgment that the redactions were excessive was also prudent. Without some description of the work performed, debtors and trustees cannot assess the reasonableness of the

U.S. Bankruptcy Court - Hawaii   #24-00905   Dkt # 66   Filed  06/03/26   Page 7 of 9

charge. Further, attorneys should not include privileged information in their billings because clients often want third parties to pay those bills, so redaction ought to be unnecessary.

ASB has now provided appropriately redacted invoices for the fees disclosed in the First and Second Notices. ASB must do the same with respect to the Third Notice.

### c. Reasonableness of Attorneys' Fees

Ms. Kennedy objected to ASB's attorneys' fees on several grounds. She asserts that ASB's invoices show counsel billing $325 per hour for routine loss-mitigation tasks that she contends are administrative. She also seeks compensatory sanctions based on ASB's redacted invoices.

The court finds that ASB's counsel's hourly rate of $325 per hour is reasonable and reflects counsel's experience and the nature of the services performed. The court denies Ms. Kennedy's request for compensatory sanctions.

### d. Allowance of Timely Charges

Ms. Kennedy requests that the court allow $2,739.32 in postpetition

U.S. Bankruptcy Court - Hawaii   #24-00905   Dkt # 66   Filed  06/03/26   Page 8 of 9

charges that she contends are the only fees disclosed and adequately supported. The court will allow the $2,739.32 amount but defer ruling on the $486.91 March 6, 2026 charge pending submission of an unredacted invoice.

### III.  Conclusion

For the reasons stated above, the court disallows the untimely fees totaling $1,431.22 and the $97.78 late fee under Rule 3002.1(c). The court allows the timely postpetition charges totaling $2,739.32, including ASB's request for attorneys' fees. The court defers ruling on the $486.91 charge pending ASB's submission of an unredacted invoice not later than fourteen days after entry of this order. Ms. Kennedy's request for compensatory sanctions under Rule 3002.1(i)(2) is DENIED.

**END OF ORDER**

9